UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CAROL S. KOWALCZYK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06 C 1854 |
| ) | Judge Joan H. Lefkow |
| **JO ANNE B. BARNHART,** Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff, Carol Kowalczyk, on behalf of her retained counsel, Frederick J. Daley, has moved under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), for an award of an attorney's fee in the amount of $17,585.50 for his successful representation of plaintiff in this case. She also seeks a fee award against the Commissioner of Social Security under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A),[1] in the amount of $7,378.68, on the basis that the Commissioner's position before this court was not substantially justified. Her counsel also requests that only the portion attributable to court time should be credited to plaintiff and the portion attributable to administrative agency time not be credited to her but paid in addition to the 206(b) fee.

## ANALYSIS

---

[1] EAJA provides for an award of a reasonable attorney's fee and other expenses to a party who prevails in litigation against the United States unless "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

1

The Commissioner does not object to a finding that his position was not substantially justified, to plaintiff's documentation of the hours expended on the case, or to paying an EAJA fee of $4,954.50 for federal court litigation. The contested issues are three: (l) May the EAJA fee include compensation for post-remand work before the administrative agency? (2) If so, is the amount attributed to that work deductible from the 206(b) fee award? (3) Is the 25% contingent fee agreement reasonable?

1. <u>The EAJA fee includes compensation for post-remand work before the administrative agency</u>.

The Commissioner objects to the $2,424.18 attributed to post remand administrative proceedings on the basis that the remand was a "sentence four remand," which under *Curtis* v. *Shalala*, 12 F.3d 97 (7th Cir. 1993), prevents the court from awarding fees for post-remand activity. Plaintiff argues this court remanded under "sentence six" and retained jurisdiction until a final disposition of the case occurred in November 2007, after the administrative proceedings were completed and had resulted in a favorable decision.[2]

---

[2]"Sentence four" and "sentence six" refer to unnumbered sentences of section 205(g) of the Act, 42 U.S.C. § 405(g). The rationale of *Curtis* is that a sentence four remand is a final judgment which terminates the "civil action" referred to in EAJA. 12 F. 3d at 100 ("In sentence-four cases . . . the district court does not retain jurisdiction over the case. Instead, the court's remand order terminates the case, which means that the proceedings on remand cannot be considered as part of the 'civil action' in the district court."). A sentence six remand, on the other hand, is one where the court retains jurisdiction pending the completion of the tasks assigned by the remand order with the expectation that further proceedings in the civil action will occur. *See id.* at 100 ("Sentence-six cases do not contemplate entry of a final judgment until after the post-remand proceedings are completed and the Secretary returns to court with a new decision based upon the additional facts.")

The record reflects that this is plaintiff's second (perhaps third) appeal to the district court over a ten-year period in which she pursued a claim for disability insurance benefits. In case No. 00 CV 4568 this court reversed and remanded for further proceedings, based on a thorough review of the record as prescribed at section 205(g), 42 U.S.C. § 405(g), by the designated magistrate judge. The court directed the ALJ to reevaluate certain evidence, more thoroughly articulate reasons for findings, and determine the summary's residual functional capacity, with specific direction to take evidence from a vocational expert regarding the number of jobs plaintiff was capable of performing. An agreed EAJA fee of $5,000 was entered in that case. The remand ultimately resulted in a partially favorable decision, in that plaintiff was found to be disabled and eligible for supplemental security income, but the onset date made her ineligible for disability insurance benefits.

Plaintiff filed the instant case to review the determination of the onset date. In a motion for summary judgment or remand, plaintiff asserted, *inter alia*, that the ALJ had reexamined the case without further development of the record and had failed to properly consider evidence regarding the onset date as he had been ordered by the Appeals Council on review of the ALJ's decision. As an alternative to summary judgment, plaintiff requested a remand "pursuant to sentence 4 of 42 U.S.C. § 405(g) for further proceedings . . . ." Mem. in Supp. of Mot. for Summ. J. or Remand at 4. After three extensions of time, the Commissioner moved for remand pursuant to sentence four. *See* proposed judgment order specifying sentence four (Docket No. 30-2). Plaintiff responded that she would not agree to a sentence four remand, urging the court to remand with direction to award disability insurance benefits effective July 1, 1991 or, if for further proceedings, to limit the review to the unfavorable portions of the final decision.

3

On May 17, 2007, having learned from the United States Attorney that the transcript of the administrative hearing could not be located, the court granted both parties' motions to remand but gave specific directions as to how the ALJ should proceed. Among other items, the court ordered the ALJ to hold a "supplemental on-the-record hearing which shall be sufficient in scope to assess the date of onset of claimant's disability and submit a taped recording of the testimony into the record," and it ordered that the claimant be permitted to present additional testimony and medical evidence regarding the onset date. *See* Minute Order, May 17, 2007 (Docket No. 36). This specificity was necessary because of the inordinate delay in the case and the ALJ's past failures to follow directions to consider the new evidence required for effective review in the district court. The court set a status hearing for July 5, 2007 and denied the motion for summary judgment without prejudice.

Status hearings were held on July 5, August 9 (at which time the court ordered the assigned agency attorney to show cause why the defendant should not be held in contempt of court for failing to obey its May 17 order to hold a hearing), August 23, September 13, September 28, October 11, and November 1, 2007. On November 1, 2007, the court granted plaintiff's motion to dismiss based on a wholly favorable agency decision.

In ordering the remand in May, 2007, the court did not specify whether the remand was pursuant to sentence four or sentence six, but the circumstances permit no inference other than a sentence six remand. *See* footnote 1 *supra.* Had it been a sentence four remand this court would have determined, after examination of the record, that the final decision of the Commissioner was wrong or inadequately explained. Any review of the final determination would have entailed the filing of a new case. Here, the court considered itself unable to review the

4

administrative record without a completed record. Thus it denied summary judgment without prejudice. The case was not terminated until November 1, 2007.

Having determined that the remand was pursuant to sentence six, plaintiff is entitled to recover a fee for time spent in the administrative proceeding. The court also finds that the position of the United States before this court was not substantially justified.

2.  The EAJA fee attributed to administrative proceedings must be deducted from the award.

The Commissioner argues that if the court determines to award a fee for post-remand administrative activity, it should deny counsel's request to have only the portion allocated to court activity credited to plaintiff's 206(b) fee, directing the administrative portion ($2,424.18) to be made payable directly to counsel.

As explained in *Gisbrecht* v. *Barnhart*, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002), "Congress harmonized fees payable by the Government under EAJA with fees payable under [42 U.S.C.] § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Id*. at 796 (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186). Moreover, Mr. Daley agreed to do so. Plaintiff signed a contingency fee agreement, dated March 10, 2006, in which she agreed to pay Mr. Daley 25 % of the past-due benefits immediately upon receipt of the fund. She also assigned her rights under EAJA to Mr. Daley, authorizing any such award to be paid directly to his law firm. The fee agreement further provided, "The EAJA fee awarded to my attorney will offset any fee I owe my attorney under this agreement." *See* Social Security Contingent Fee Contract at 1, attached as Ex D to Pl.'s

5

206(b)(1) Mot. (Docket No. 45); *see also* Assignment of EAJA Fee, attached as Ex. G to Pl.'s EAJA Mot. (Docket No. 44). The entire EAJA fee must be credited against the 206(b) award.

3. A 25% contingency fee in this case is reasonable.

This amount requested, $17,585.50, equals 25% of the award of the past due benefits ultimately awarded to plaintiff and is based on a contingency fee agreement. Mr. Daley's Amended Time Log reflects that the total hours devoted to the case by his law firm are 61.77.[3] *See* Ex. 1 to Docket No. 50. The Commissioner argues that awarding a fee to the limit permitted by section 206(b) is not a reasonable fee because it results in an inordinately high hourly rate in this case. He further complains that Mr. Daley has not provided his customary hourly rate for non-contingent fee cases. Mr. Daley responds that the fee should not be determined based on the lodestar method but, even if it were, his request is entirely reasonable for the Chicago area market. He points out that he is not able to provide a regular hourly rate because he only handles contingent fee cases.[4]

This, like the second issue, can be dealt with briefly. To be entitled to a 206(b) fee, plaintiff has the burden to show that her fee request is reasonable. *See Gisbrecht*, 535 U.S. at 807 ("Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."). *Gisbrecht* suggests a court may

---

[3] The EAJA portion of the fee consists of 3.95 attorney hours in this court at hourly rates ranging from $160-$172.50 and 43.1 paralegal/law clerk hours at $100 per hour, totaling $4,954.50. The administrative agency portion of the fee consists of 14.72 attorney hours at $165-$172.50 per hour and 0.25 paralegal/law clerk hour at $100 per hour, totaling $2,424.18.

[4] The Commissioner does not object to the number of hours devoted to the representation or to Mr. Daley's documentation of his time. Plaintiff's counsel is not required to provide his customary hourly rate for non-contingent fee case if he has no such rate. He has provided a number of documents reflecting that his hourly rate, calculated according to the hours devoted to the case by him and those under his supervision, would still be well below that of lawyers in commercial practice.

reduce a contingent fee if the representation is substandard; or if the attorney is responsible for delay, causing benefits to accumulate during the pendency of the case; or where the benefits are large in comparison to the amount of time devoted to the case. *Id*. at 808. None of these factors, or any other indicator raised by the Commissioner, suggests a downward adjustment here. Indeed, this court commends Mr. Daley for his outstanding diligence and persistence in obtaining a favorable result despite what appeared to be intransigence or incompetence at the agency level. If this were an injury case where past and future damages amounted to $140,000, as Mr. Daley measures the full value of plaintiff's benefits, a 25% contingent fee would be $35,000. In the Chicago legal community, a 25% fee in such a case is considered at least reasonable, if not below market. If Mr. Daley is paid $17,585.50 for 61.77 hours of labor devoted to the case by his firm, the average rate is $285 per hour, again, not an unreasonable hourly rate within the Chicago area. Since Mr. Daley has reduced the amount to be taken from the plaintiff's award by the $7,378.68 EAJA fee, plaintiff has an increased net benefit. A fee of $10,206.00 is modest out-of-pocket compensation indeed for the result achieved. A 25 % contingency fee in this case is entirely reasonable.

## **ORDER**

The Clerk is directed to substitute Michael J. Astrue for Jo Anne B. Barnhart, as the defendant in this case. Plaintiff's motion for an attorney's fee under § 206(b) of the Social Security Act [#45] is granted. Plaintiff's motion for an award of an attorney's fee under the Equal Access to Justice Act [# 44] is granted.

The Clerk is directed to enter judgment under the Equal Access to Justice Act in favor of plaintiff and against defendant in the amount of $7,378.68. Plaintiff is allowed an attorney's fee

under section 206(b)of Social Security Act in the amount of $17,585.50.  The EAJA award shall

be offset against the 206(b) award. Costs in the amount of $150 are taxed against the defendant.


Dated: February 9, 2010                ENTER: _____
                                       JOAN HUMPHREY LEFKOW
                                       United States District Judge